PER CURIAM.
This is an appeal by the plaintiffs below from an adverse final decree. The suit was tried before the chancellor whose able and comprehensive decree stated the case and presented his findings of fact and . conclusions of law, as follows:
“The above-entitled cause coming.on for final hearing before the court and the court having duly considered the testimony and exhibits offered by the respective parties and having heard the argument of counsel and having studied the record in this cause and being fully advised in the premises, finds as follows :
“Parties.
“(a) The Plaintiffs in this cause, Marie Ledlow Doeg, Carolyn T. Vaughn and Lillian T. Graham, are the three daughters of Claude W. Turner and Thelma S. Turner, both deceased. Each of the Plaintiffs owns in her own name eight and one sixth shares of the common capital stock of Turner Produce Co., Inc. Each of the Plaintiffs acquired her stock interest by inheritance from Thelma S. Turner, who, in turn, had acquired the same from her husband, Claude W. Turner.
“(b) The Defendant, Turner Produce Co., Inc., is a Florida corporation chartered in 1950. This corporation was the successor to the business formerly operated under the same name as a partnership.
“The Defendant Archie J. Thornton is the owner of twenty five and one half shares of the common capital stock of Turner Produce Co., Inc. representing a majority of the issued and outstanding stock of that company. He is also the owner of 25% of the common capital stock of T & T Trucking, Inc., which corporation is also a Defendant herein and is a Florida corporation chartered in October, 1958. This corporation was the successor to the same business previously operated as a partnership.
“Pleadings and Issues.
“(a) The Complaint, after alleging the stock ownership of the Plaintiffs and the Defendant, Archie J. Thornton, in Turner Produce Co., Inc. as previously set forth, alleged in effect that the Defendant Thornton had acquired his controlling interest in Turner Produce Co., Inc. by exerting undue influence on Claude W. Turner and R. K. Studstill prior to their death; that since the death of Claude W. Turner, the Defendant Thornton had by intimidation, fraud and deceit controlled the appointment, installation and election of the Board of Directors of Turner Produce Co., Inc. and their actions as directors; that the Defendant Thornton with the acquiescence of the Board of Directors had unlawfully and improperly caused large amounts of the funds and assets of Turner Produce Co., Inc. to be applied and used for ultra vires purposes, namely, the organization and financing of a competing business, namely, the Defendant T & T Trucking, Inc.; that the Defendant Thornton had diverted assets of Turner Produce Co., Inc. for his personal use and benefit and that he had paid himself and other officers and directors excessive and exorbitant salaries in excess of the reasonable value of their services. The prayer for relief was for an accounting by the Defendant Thornton to Turner Produce Co., Inc.
“(b) The answers of the Defendants admitted the stock ownership as alleged but categorically denied the other allegations of the Complaint.
“(c) The Plaintiffs offered no testimony or evidence in support of the allegations of the Complaint with respect *572 to any undue influence exerted by the Defendant Thornton on Claude W. Turner in connection with the acquisition of his stock in Turner Produce Co., Inc. It is apparent from the testimony in the cause that the Defendant Thornton never acquired any stock from or through Claude W. Turner. There was likewise no testimony or evidence offered with respect to any intimidation, fraud or deceit practiced by the Defendant Thornton in connection with the election of the Board of Directors and officers of Turner Produce Co., Inc. and here again it is clear that no such practices would have been necessary since the Defendant Thornton owned a controlling interest in Turner Produce Co., Inc. and as such would unquestionably have been able to exercise control in connection with the election of the Board of Directors without resorting to any fraud, deceit, intimidation or other practices. The main controversy, therefore, centered around the formation of the Defendant T & T Trucking, Inc. and the relationship between the Defendant Thornton and that corporation.
“Findings of Fact.
“From the testimony and exhibits, I make the following findings of fact:
“(a) Marie Ledlow Doeg, Carolyn T. Vaughn, and Lillian T. Graham are each the owners of eight and one sixth shares of the common capital stock of Turner Produce Co., Inc., a Florida corporation; that said stock was acquired by the Plaintiffs from their mother, Thelma S. Turner, who, in turn, acquired said stock from her husband, Claude W. Turner.
“(b) That the Defendant Archie J. Thornton is the owner of 25^4 shares of the common capital stock of Turner Produce Co., Inc., having acquired the same by purchase from R. K. Studstill and G. C. Wright.
“(c) That the Defendant Archie J. Thornton is the owner of 25% of the common capital stock of T & T Trucking, Inc., a Florida corporation; that O. N. Tyre is the owner of 50% of the stock of said corporation and Garth Wise is the owner of the remaining 25% of the stock of said corporation.
“(d) That the Defendant Archie J. Thornton first started work with Turner Produce Co., Inc. in 1942 when he was nineteen years of age. This was prior to the incorporation of Turner Produce Co., Inc. in_ 1950, the incorporation being merely a continuation of the same business under a different form of business entity; that prior to the death of Claude W. Turner in 1957 O. N. Tyre and the Defendant Archie J. Thornton entered into a business arrangement for the operation of a trucking business which Tyre had previously been carrying on in partnership with another individual; that Tyre had previously been doing a considerable amount of trucking for Turner Produce Co., Inc. and prior to entering into said business arrangement the Defendant Thornton obtained the consent of both Claude W. Turner and R. K. Studstill; that Thornton at that time was not 'an officer or director of Turner Produce Co., Inc.; that at the time said business arrangement was entered into Turner Produce Co., Inc. was not engaged in the trucking business and the original business operation conducted by Tyre and the Defendant Thornton has never been in competition with Turner Produce Co., Inc.
“(e) That following the death of Claude W. Turner in 1957 the Defendant Archie J. Thornton became for the first time an officer and director of Turner Produce Co., Inc.
“(f) In October of 1958 O. N. Tyre and the Defendant Archie J. Thornton decided to incorporate their trucking business and did at that time form T & *573 T Trucking, Inc., which continued to carry on the trucking business previously operated by Tyre and Thornton.
“(g) That no money, assets or resources of Turner Produce Co., Inc. were used in connection with the formation or operation of T & T Trucking, Inc. This is clear from the testimony of Mr. John Rife, a certified public accountant appointed by the court for the purpose of making an examination of the books and records of Turner Produce Co., Inc. and T & T Trucking, Inc.; that while T & T Trucking, Inc. did a considerable amount of business with Turner Produce Co., Inc., the services were actually performed by T- & T Trucking, Inc. and the rates charged were comparable with the rates of other trucking companies for the same services; that instead of Turner Produce Co., Inc. financing T & T Trucking, Inc., the testimony indicates that the reverse situation is true and that T & T Trucking, Inc. has permitted Turner Produce Co., Inc. to become indebted to it for a considerable amount of money in excess of what Turner Produce Co., Inc. would have obtained in the way of credit from other trucking companies.
“(h) That there has been no change in the method of operating and conducting the business of Turner Produce Co., Inc. since the death of Claude W. Turner in 1957 and the only increase in salary received by the Defendant Thornton was a $25.00 per week increase received at a time when R. K. Studstill was still alive and was the President of Turner Produce Co., Inc.; that the Defendant Thornton works long and unusual hours as required by the type of business of Turner Produce Co., Inc. and has not had a vacation in approximately eight years; that there is no testimony or evidence indicating that the compensation received by the Defendant Thornton is in any way excessive or exorbitant or in excess of the value of the services which Thornton performs for Turner Produce Co., Inc. All salaries are for services actually performed and there is no testimony or evidence that fees or other compensation are paid to officers or directors solely by reason of their position.
“(i) That the decline in net worth of Turner Produce Co., Inc. can readily be attributed to increased competition through direct purchasing of produce by chain store outlets and by the losses sustained by the corporation through bankruptcy proceedings of other produce companies with whom Turner Produce Co., Inc. was dealing, the bankruptcies in themselves indicating that Turner Produce Co., Inc. was not alone in experiencing a decline in business.
“4. Conclusions of Law.
“From the foregoing facts the court concludes:
“(a) The Defendant Archie J. Thornton was not precluded by reason of being an officer and director of Turner Produce Co., Inc. from entering into a business enterprise, namely, T & T Trucking, Inc., independent of the business conducted by Turner Produce Co., Inc.
“(b) That the Defendant Archie J. Thornton in entering into and engaging in the trucking business through T & T Trucking, Inc., acted in good faith and did not by so doing interfere with the business of Turner Produce Co., Inc. and that there was no over-reaching on the part of the said Thornton by reason of his capacity as an officer and director of Turner Produce Co., Inc.
“(c) That the Plaintiffs have failed to prove the necessary allegations of their Complaint and that this cause *574 should, therefore, be dismissed at the cost of the plaintiffs.
“Based upon the above and foregoing findings of fact and conclusions of law, it is
“Ordered, Adjudged and Decreed that this cause be, and the same is hereby dismissed at the cost of the Plaintiffs.”
Appellants make a blanket assault on the foregoing decree. The one point stated in the appellants’ brief is as follows:
“The chancellor erred in denying majority stockholders of Turner Produce Co., Inc. an accounting and other equitable relief.”
The assignments of error relied on are that the chancellor erred (1) in entering the decree, (2) by applying an incorrect rule of law to the facts and (3) in failing to require an accounting for use of the produce company personnel and property by the transit company. We have considered those assignments of error in the light of the record and briefs and iind them to be without merit. The chancellor’s findings of fact have not been shown to be lacking adequate support on the record, and no error of law has been made to appear. See Renpak, Inc. v. Oppenheimer, Fla.App.1958, 104 So.2d 642, 644.
Affirmed.